FILED

NOV 1 4 2025

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
MAA
DEP CLK

IN THE UNITED STATE DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

NO. 5: 25-CR-62-D-RN

| | |
|---|---|
| UNITED STATES OF AMERICA | MOTION FOR Dismissal OF ALL |
| V. | CHARGES WITH PREJUDICE FOR VIOLATION |
| JOHNATHAN LAMONTE FLORENCE | OF THE 34-E-2 FEDERAL SPEEDY TRIAL |
| | ACT 18 U.S.C. 3161-74 |

NOW COMES, Defendant,
JOHNATHAN LAMONTE FLORENCE by WAY AS A Pro-se litigant for
Case NO. 5:25-CR-62-D-RN

I The Defendant Respectfully Moves The Court to dismiss All Charges
with prejudice Pursuant to the speedy Trial Act 18 U.S.C. 3161-74
As The Record will show The Goverments is in violation of the
defendants Sixth Amendment right to a speedy trial. Under the
Federal speedy Trial Act provides, 3161(c)(1) If The trial of
a defendant dose not start within the 70-day period
The charges shall be dismissed upon the defendants Motion
to dismiss, 18 U.S.C 3161-74 The Speedy Trial Acts statutory
clock has lapsed, and there for My Statutory Constitutional
Rights have Been Infringed upon. There for All Charges
In the Indictment requires Mandatory dismissal.

## STATEMENT OF FACTS

(1) ON August 22, 2024, I the defendant was granted by the RRC facility manager, to leave the Halfway house facility to go to work for the day. I was employed by Lambart Solutions. LLC, based in Fayetteville, North Carolina. The work Pass was approved for 5:45 AM. to 7:00 PM Once I returned to the facility At 7:00 PM, on the day of Aug 22, 2024 I was not granted to enter the facility, At that time I went And rented A Room for the Night.

2) On the next day I went to work As I always did, On that Sameday I was charged by The Creedmoor Police Department, For the offense of robbery of the PNC Bank in Creedmoor North Carolina, The State of North Carolina issued an arrest warrant for My arrest. This happen on the date of Aug 23, 2024.

(3) August 28, 2024 I the defendant was arrested by the Guilford County sherffs office and transported to the Guilford County jail to beheld for the USMS. On the Next day The USMS lodged a detainer with the Guilford County Jail to hold ME the defendant,

(4) ON March 18, 2025, A Grand Jury in the Eastern District for North Carolina returned an Indictment charging ME the Defendant with escaping from custody from a institutional facility. A violation of Title 18, United States Code, Sections 751(a) (Count One).
And Bank Robbery A violation of Title 18, United States Code Section 2113 (a) (Count Two) [DE.1]. A warrant was issued on the same day. [DE4].

5) March 19, 2025, Defendant was served with the indictment and arrest warrant while in custody at Granvill County Jail for the same charges of Robbery of the PNC BANK in Creedmoor North Carolina.

6) ON March 21, 2025, I the defendant was taken to the Court for an initial appearance before the Honorable, BRIAN S. MEYERS, UNITED STATES MAGISTRATE JUDGE, IN the Eastern District of North Carolina, At which time Judge Meyers advised ME the defendant of My rights, Charges, and the maximum penalties, appointed Federal Public Defender, and issued an Order of Temporary Detention. [DE 8-9]. This date starts the speedy Trial Act CALCULATIONS. See 18 U.S.C. 3161 (C) (1).

(7) HONORABLE ROBERT T. NUMBERS. II. UNITED STATES MAGISTRATE JUDGE, entered a Scheduling Order on March 24, 2025 which set My the defendants Arraignment and Trial for the Courts MAY 19, 2025 term of court. [DE 15].

(8) March 26, 2025 At the detention hearing before the HONORABLE JAMES E. GATES, UNITED STATES MAGISTRATE JUDGE, That I the defendant Intended to proceed as a pro-se litigant Moving on his own behalf. After advising the Courts of this The Court And I the defendant had A meanningfull discussions About This, Then Asked If I would be willing to have Him Judge Gates to appoint the Federal Public Defender to serve as Standby Counsel? I the defendant agreed and The Courts appointed Counsel As Standby. I the defendant Then Moved for a oral Motion for A Continue, Which Judge Gates granted and upon the ORAL ORDER of the court, Court excluded the Continuance from the Speedy Trial Act Computation pursuant to 18 U.S.C. 3161 (h)(7)(A) for the reason that the ends of justice served by granting this continuance outweighed the best interest of the public and the defendat in a speedy trial [DE], At this time the speedy trial Computation from the Initial appearance to March 26, 2024 is (5 day), There "65" days left on the speedy trial Clock.

(9) March 28, 2025 My the defendant detention hearing was held before Judge Meyers, At which time the Court granted the governments motion for detention, ORDER OF DETENTION PENDING TRIAL. Speedy Trial Clock remained at (5 days.) [D.E. 23-24].

(10) ON May 19, 2025 Minute Entry for proceedings held before District JUDGE JAMES C. DEVER III in Raleigh North Carolina: Arraignment as to ME The Defendant JOHNATHAN LAMONTE FLORENCE Defendant was present with standby Counsel. The US assistant Attorney present for U.SA. I the defendant was advised of rights, Charges, and penalties, I the defendant plead Not Guilty as to Counts (1) one and Counts two (2). Trial was to be set. The Courts "never" made excluded computations basis of his findings That the ENds of justice served by taking Such action outweigh the best interest of the public and the defendant in a speedy Trial 18 U.SC. 3161 (h) (7) (A) [DE32.].
There for The speedy trial Clock did not stop As of this date. "57" days have elapses from The 70-day period (court Reporter Jenny Carroll) (Harriso, A) (Entered: 05/21/2025).

(11) ON July 2, 2025 A ORDER as to "ME" the defendant Johnathan Lamonte FLORENCE: WAS enthered As to Jury Selection & Trial set for (Dec" 12/15/2025). At 10:Am The Court odered that any delay that results from this continuance is excluded from The speedy Trial Act Cumputation pursuant to 18 U.S.C. 3161(h)(7)(A) for the reason that the ends of justice served by this continuance outweigh the best interest of the Public and the defendant in A speedy Trial. [DE 35] By the time the Court made its Ruling on

and setting the trial date 101 days had elapses.
31 days pass the relevant requirement for the
70 days period for which the Government has to commence
the defendants Trial. 18 U.S.C. 3161(C)(1) Federal speedy trial
Act, (The Act)

(12) ON July 7, 2025 1 the defendant filed a PRO SE
MOTION to Dismiss all charges for Violation of the
Federal Speedy Trial ACT, And My "VI" Sixth Amendment
to the United States Constitution Which guarantees the
"right" to a speedy and public trial" for all Criminal
defendants. U.S.Const. amend. VI. 18 U.S.C. 3161-74
3161(C)(1)... [DE 34].

(13) ON July 8, 2025 Motion for defendant as to the
dismissal for the Violation of the Federal speedy
Trial Act WAS Submitted to District Judge.
JAMES C. DEVER, III [DE 34]

(14) July 11, 2025 Notice OF Attorney Appearance,
Jaren E. Kelly appearing for U.S.A. (Kelly, Jaren) (Entered
7/11/2025.

(15) ORDER. as to Johnathan Lamonte FLORENCE (1)
denying 27 Motion for Discovery, denying 34 Motion
for dismissal of Speedy trial act 18 U.S.C. 3161(C)(1).
Signed by District Judge James C. Dever, III ON 7/14/2025

Copy to defendant via us mail, (Harrison, A) (Entered: 07/15/2025)

16) 37 MOTION for Extension of time to File Response/Reply
7/21/2025 filed by USA as to Johnathan Lamonte FLORENCE.
        (Attachments; #1 text of Proposed Order) (Kelly, Jaren)
        (Entered: 07/21/2025)

07/21/2025 Motion Submitted to District Judge James C. DEVER
III as to Johnathan Lamonte FLORENCE, Regarding 37
MOTION for Extension of time to File Response/Reply.
(Harrison A) Entered: 07/22/2025

<u>ARGUMENT</u>

I.    The Timing for which the Defendant's proceedings
      Before the Court has elapses beyond the
      Federal Speedy Trial Act [The Act].

      The speedy trial act provides, in relevant part, that
any information or indictment charging an individual with the
commission of an offense shall be filed within Thirty days
from the date on which such individual was arrested or
served with a summons in connection with such offense.
<u>United States v. Woolfolk</u>. 399 F.3d 590, 594 (4th Cir 2005).
The Fourth Circuit has interpreted this language to
provide that the Government must charge a defendant
by way of a indictment or information within 30. days
of the defendant's federal arrest upon a federal
charge, or the indictment must be dismissed
18 U.S.C. 3161 (b) (1).

      The speedy Trial Act of 1974 (Act) generally
requires a federal Criminal trial to begin within 70-days
after a defendants is charged or Makes an initial appearance.
18 U.S.C. 3161 (C) (1). Zedner v. United States, 547 u.s. 489
497 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006) Citing 18 U.S.C. 3161(C)(1)
Before a Judicial officer of the Courts in which such charge
is pending. Whichever date last occurs. If this 70-day period
elapses and the defendant Moves to dismiss the charges on
Speedy Trial grounds before trial begin the charges → 8 of 14

"Shall be dismissed" 18 U.S.C. 3162 (a)(2) United States V. Rizzuto, 458 F. Supp.3d 373 (ED, NC, 2020). United States V. Fields, 451 F. Supp. 3d 373 156 (ED, NC. 2020). United States V. Ford, NO 5:19-CR-166-FL-1 ED, NC. July 07, 2020) While dismissal is Mandatory the district court retains discretion to dismiss the charges with or without prejudice. Zedner, 164 L.Ed.2d 749 (2006)

Certain delays "shall be excluded" The speedy trial act when Calculating the seventy-day time period. 18 U.S.C. 3161(h). In pertinent part, any period of delay resulting from a Continuance on the basis of The Trial Judge findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial". Shall be excluded. Under 18 U.S.C. 3161 (h) (7); see Zedner V. United States, 547 U.S. 489, 498-99 (2006).

In this case, The indictment was filed on March 18, 2025, On March 21, 2025. Defendant dose have a initial appearance, and on March 24, 2025. Scheduling order as to the setting of Arraignment and Trial was set for May 19, 2025. On March 26, 2025 Defendant advised the Court of his intention that he intened to proceed as a PRO-SE litigant Then on March 28, 2025, Defend detention hearing was held. The speedy trial Clock remained at 5-days.

On May 19, 2025. The Court held proceedings in Raleigh, North Carolina. Defendant was present with standby-Counsel. The Court heard from Defendant and Standby-

Counsel, and confirmed Defendants request to proceed pro-se. The Defendant plead Not Guilty as to Counts 1, and 2, Trial to be set. As the record will show At Criminal Docket for Case #: 5-25-cr-00062-D-RN-1 Date Filed: 03/18/2025. Date Filed # Docket Text, 05/19/2025 [DE 32] Minute Entry for proceedings held before District Judge James C. Dever III in Raleigh NC: Arraignment as to Johnathan Lamonte Florence (1) held on 5/19/2025. Defendant present with standby-counsel, Assistant US Attorney present for USA, Defendant advised of rights, Charges, and penalties. Defendant plead ("NOT GUILTY"), as to Counts 1, and 2, Trial to be set. Defendant remanded to custody. (Court Reporter Jenny Carroll) (Harrison, A) Entered: 05/21/2025. As the record show the Court (Never excluded) the time from the speedy trial computation. Under the ends-of-justice as to the Arraignment and the setting of the Trial date, The Court only state that it was permitting time for the Defendant and the Government to consult about proposed trial dates. The Court Never Made a ruling at the (Close of the arraignment.) That would have excluded the computation for MAY 19, 2025 to July 02, 2025 There for the time between (MAY 19, to July 2, 2025) A total of "101 days" had elapses. And as in doing so The Government as well as the District Court is in Violation of the Speedy Trial Act 18, U.S.C 3161(c)(1)

ON July 2, 2025 The Court District Judge, Made a ORDER, The order state's that With the parties' Consen Trial in this Case shall begin on Monday,  →  10-of 14

December 15, 2025, at 10:00 A.m. [DE 33].

As the record will also show The Court as well as the government ("Never") held any Kind of a pretrial conference for which I The Defendant attended. The Court had said That it was permitting time for Defendant and the Government to consult about proposed Trial dates. As the record will Show The Government never consulted with the Defendant what's so-ever, There for the Court set The Trial date without having held Any Kind of a "Scheduling conference". The Defendant has Never filed any Kind of A pre-trial motions what-so-ever That would or have stop the Speedy Trial Act time-line from running. Once More The Court, "Never stated" orally at the arraignment [DE 32] or and by written order that it was excluding time from the seventy-day "70"-day clock. The record will and dose show that The District Court Never said that The continuance of the setting of the trial date was granted for an ends-of-justice found outweiged the best interests of the public and the defendant in a speedy trial.

The Speedy Trial Act allows for a continuance whenever a district court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. 3161 (h) (7)(A). the "STA". Sets forth both procedural and substantive requirements for ends-of-justice continuances. See 3161(h)(7) Subsection (A) requires that the district court must "set forth, in the record of the case, either orally or in writhing its

reasons for finding that the end-of-justice served by the granting of such Continuance outweigh the best interests of the public and the defendant in a speedy trial." There for do to the defendants Compelling argument that The Court failed to meet the "STA's" procedural requirements for ends-of-justice Continuance because the district court did not put its reasons for excluding the speedy trial Act Computations on the record Under the 18 U.S.C. 3161 (h)(7)(A) the time between "May 19, 2025" And the setting of the trial date "July 2, 2025" is Not excluded under the "Act", therefore the 43-days between May 19, to July 2, 2025 plus the 57-day before the arraignment was held, A total of "100" days have elapses which is 30-days beyond the requirement of the 70-day period for 18 U.S.C. 3161(c)(1) For there more the Courts and the government have set a Trial date to take place on December 15, 2025, at 10:am in Courtroom one of the Terry Sanford Federal Building and United States Courthouse, 310 New Bern Avenue, Raleigh North Carolina. The Court states That it Made its "ORDER" for the setting of the Trial date with The Consent of the parties. The Courts can Not show on the record findings that it held a scheduling Conference, with all of the parties, Consent, about setting a trial date, As the record dose show the the Defendant is a Pro-se litigant for this Case No.5:25-CR-62-D-RN, which require for the Court, and the government to Converse, Confer or Consult.

with the defendant in good faith, or at sometime to attempt to do so. The Care of this case is in the hands of the Court, The court has set a trial date well beyond the speedy trial Act. The date for the defendants trial to commence is December 15, 2025, which is "267." day from the defendant initial appearance. And even though the court stated in its ORDER for the setting of the trial date, that the court finds that the ends-of-justice served by granting this extension outweigh the best interests of the public and the defendant in a speedy trial. The period of delay necessitated by this extension is excluded from speedy trial computation pursuant to 18 U.S.C. 3161 (h) (7)(A). The delay will permit the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The court can not delay the extension or exclud the time from the setting of the trial date to the start of the trial, more then what the speedy trial Acts 70-day period. With the enactment of the speed Trial Act of 1974, Congress required that Criminal case's be set for trial "At the earliest practicable time.... so as to assure a speedy trial." 18 U.S.C. 3161(a). And it made clear that its interests in enacting the Act were broader than the right coferred by the Sixth Amendment to a speedy trial, which primarily serves the defendants interests. With the speedy trial Act, Congress intended "not just to benfit defendant but to also to serve the public interest by among other

things, reducing defendant's opportunity to commit crimes while on pretrial release and preventing extended pretrial delay, from impairing the deterrent effect of punishment." Zedner v. United States, 547 U.S. 489, 501 (2006)... emphasis added).. To serve those interests, the (ACT) requires criminal trials to "commence within seventy-days from the filing date... of the information or indictment or from the last date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. 3161 (c)(1).

Because this requirement is in the public interest the defendant cannot prospectively waive it. See Zedner, 547 U.S. at 500-03. The district court procedurally erred in granting the May 19, 2025, continuance because the record does not show that the court contemporaneously balanced the end-of-justice factors when it entered its minute order. The Courts have never held any kind of a hearing whats-so-ever on the motion to dismiss that was filed by the defendant, the Courts have not held any kind of a hearing for the setting of the Trial date of July 2, 2025. There for the court can not show that it set the Trial date with the parties consent, & the defendant never consented to the setting of the trial date. The defendant never ask for any kind of a continuance whats-so-ever At "anytime" U.S. v, Velasquez see 528 F.3d at 305

As I the defendant have layed-out the just reasons under the Federal speedy Trial Act, 3161-74 3161(C)(1), 3162(a)(2) The Court Never properly excluded time from the required 70-day time-line, Because The Court Never Said that it was excluding the time from MAY 19, 2025 to July 2, 2025 Under The ends-of justice, What the Court Stated was that it was permitting time for defendant and the government to consult about proposed trial dates, The Court then States that it Noted that speedy trial Computations would be excluded to give the defendant time to prepare a defense, The Court Never set forth, in the record of the case, either ORALLY or in WRITING, That it was excluding Computations under the Required Act 3161(h)(7)(A). The ends-of justice requirement States, That The Court must State That it was excluding Computations on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. 3161 (h)(7)(A). Here in this Case, "NO 5:25-CR-62-D-RN" The court did NOT in this instance put its findings on the record at or near the time when it granted the continuance of the arraignment, Zender, 547 U.S. a 507 N.7 126 S.Ct. 1976.

<u>CONCLUSION</u>

FOR the reasons argued above, The Defendant respectfully Ask and requests, that the Court great the Motion to Dismiss COUNT 1 AND Count "2" of the Indictment Respectfully submitted, This 3 of Novmebe 2025,