UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CR-00062-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | GOVERNMENT'S RESPONSE TO |
| ) | DEFENDANT'S MOTION TO |
| ) | DISMISS PURSUANT TO SPEEDY |
| ) | TRIAL ACT |
| ) | |
| JOHNATHAN LAMONTE FLORENCE ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, responds to Defendant's motion to dismiss for a speedy trial violation. The government has previously responded in opposition. In preparing to respond to Defendant's second motion, the government uncovered additional information (internal emails) that has caused the government to reevaluate its position. Based on this information, the government now believes that a speedy trial violation has occurred, and the indictment should be dismissed *without* prejudice. In support, the United States shows the following:

1. On March 18, 2025, a Grand Jury in the Eastern District of North Carolina returned an Indictment charging Defendant with escape from an institutional facility, in violation of Title 18, United States Code, Sections 751(a) (Count One); and bank robbery, in violation of Title 18, United States Code, Section 2113(a) (Count Two). [D.E. 1]. A warrant issued on the same day. [DE 4].

1

2. On March 19, 2025, Defendant was served with the indictment and arrest warrant while in custody at the Granville County Jail.

3. On March 21, 2025, Defendant had an initial appearance before the Honorable Brian S. Meyers, United States Magistrate Judge, in the Eastern District of North Carolina. Judge Meyers advised the Defendant of his rights, charges, and maximum penalties; appointed the Federal Public Defender; and issued an Order of Temporary Detention. [DE 8 - 9]. This date starts the Speedy Trial Act calculations. *See* 18 U.S.C. § 3161(c)(1).

4. The Honorable Robert T. Numbers, II, United States Magistrate Judge, entered a Scheduling Order on March 24, 2025, which set Defendant's Arraignment and Trial for the Court's May 19, 2025, term of court. [D.E. 15].

5. On March 26, 2025, Defendant advised the Honorable James E. Gates, United States Magistrate Judge, that he intended to proceed as a *pro se* litigant for his detention hearing. After discussions with Judge Gates, Defendant agreed to have the Office of the Federal Public Defender serve as standby counsel. Defendant then made an oral motion to continue. Judge Gates granted Defendant's motion and ordered that any delay that resulted from the continuance is excluded from the Speedy Trial Act computation, pursuant to 18 U.S.C. § 3161(h)(7)(A), for the reason that the ends of justice served by granting this continuance outweighed the best interest of the public and the defendant in a speedy trial. [D.E. 16]. The time between his initial appearance and March 26, 2024, is 5 days.

6. On March 28, 2025, Defendant's detention hearing was held before Judge Meyers. The government's motion for detention was allowed. Judge Meyers issued an order of detention pending trial. [D.E. 23-24]. Additionally, Judge Meyers appointed the Federal Public Defender as stand-by counsel. The Speedy Trial Clock remained at 5 days.

7. On May 19, 2025, this Court held Defendant's arraignment in Raleigh, North Carolina. Defendant was present with standby counsel. The Court heard from Defendant and stand-by counsel, and confirmed Defendant's request to proceed *pro se*. The Court advised Defendant of his rights, charges, and penalties and Defendant pled Not Guilty to Counts One and Two. The Court permitted time for Defendant, through his stand-by counsel, and the government to consult about proposed trial dates. The Court noted that speedy trial computations would be excluded to give Defendant sufficient time to prepare a defense. [DE 32, 41]. However, neither party articulated a need for additional time and the parties should have addressed this with the Court prior to the Court's pronouncement. Although it was more than reasonable for the Court to assume that a *pro se* litigant needs sufficient time to prepare a defense given the seriousness of the charges, the Fourth Circuit has rejected this argument when the parties fail to articulate the need for additional time.[1]

8. On May 21, 2025, the courtroom Deputy Clerk contacted Defendant's stand-by counsel and the government and provided multiple trial dates with the earliest

---

[1] *See United States v. Velazquez*, 52 F. 4th 133 (4th Cir. 2022).

being June 30, 2025, and July 14, 2025. On June 3, 2025, stand-by counsel emailed the Deputy Clerk and requested the June 30, 2025, date as a first preference with an alternative date of November 3, 2025. On June 9, 2025, the clerk informed the parties that unfortunately the June 30, 2025, date was no longer available, noted that she would submit the November 3, 2025, date but needed the parties to submit two additional dates. On June 12, 2025, government counsel emailed that the November 3, 2025, date was good for the government. On June 17, 2025, in response to the Deputy Clerk's prompt for two alternative dates, stand by counsel emailed that he received communications from Defendant that he wanted a trial "the sooner, the better." He then went on to tell the Deputy Clerk that in addition to the November 3, 2025, date, November 10, 2025, or December 15, 2025, were alternatives. Government counsel emailed that December 15, 2025, also worked for the government. Neither party requested nor discussed the July 14, 2025, date offered by the Deputy Clerk initially.

9. On July 2, 2025, the Court issued an order setting this matter for trial for December 15, 2025. The Court further ordered that any delay that results from this continuance is excluded from the Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(7)(A) for the reason that the ends of justice served by this continuance outweigh the best interest of the public and Defendant in a speedy trial. [D.E. 33].

10. On July 7, 2025, Defendant filed a *pro se* motion to dismiss for speedy trial violations. [D.E. 34].

4

11. On July 14, 2025, the Court issued an order denying Defendant's *pro se* motion to dismiss based on its belief that Defendant was represented by counsel. [D.E. 36].

12. On August 4, 2025, the Court issued an order clarifying [D.E. 36], that Defendant was proceeding *pro se* and the government needed to file its response by August 18, 2025 [D.E. 39].

13. On August 18, 2025, the government filed its response in opposition to Defendant's motion to dismiss. [D.E. 42].

14. On August 29, 2025, the Court issued an order denying Defendant's motion. [D.E. 44].

15. On November 14, 2025, Defendant filed a second motion to dismiss alleging a speedy trial violation. [D.E. 51].

16. Upon review of Defendant's argument in his motion to dismiss [D.E. 51] regarding excluding time from the Speedy Trial Act pursuant to the ends-of-justice exception, the correspondence between the parties, and existing case law, the government believes that there has been a speedy trial violation. Out of an abundance of caution, the government believes a dismissal of the Indictment *without* prejudice serves the interest of justice.

17. The factors the Court should consider when determining whether to dismiss an indictment with or without prejudice are: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and the administration of justice." 18 U.S.C. § 3162(a)(2). These factors favor dismissal *without* prejudice.

5

18. The seriousness of the offense cannot be overstated. Defendant committed a bank robbery – a crime of violence – while having actively escaped from a residential reentry center where he was serving a sentence for violating his supervised release after having been convicted for possessing a firearm while being a felon.

19. The facts and circumstances leading to the violation also favor dismissal *without* prejudice. Although the United States concedes that Defendant has established a Speedy Trial violation, this violation is procedural in nature, and resulting not from an effort to delay the proceedings but to ensure that Defendant had assistance of counsel to properly prepare his case even though he was *pro se*.

20. Finally, the impact of reprosecution on the administration of the Speedy Trial Act and the administration of justice weigh in the Government's favor as well. The administration of justice supports dismissal *without* prejudice where the Court made a good faith effort to allow Defendant adequate time to prepare for trial – even though he did not seek it – and the rights of the crime victims have not been vindicated.

21. If the Court agrees with the government, the government will seek to submit a complaint to a magistrate judge, pursuant to Fed. R. Crim Pro Rule 3, re-charging these same offenses that have been dismissed due to the speedy trial violation. **(See Attachment A)**.

22. The Government is committed to moving expeditiously in this case to effectuate the beginning of new criminal prosecution. The Government will submit the complaint to a magistrate judge as soon it receives an order from the Court

dismissing this case. The Government is committed to working with the defendant to explore a resolution short of a trial for the new prosecution, or to otherwise be ready and available for a criminal trial.

Wherefore, the government respectfully requests that the Court dismiss the Indictment *without* prejudice and stay Defendant's release from custody, while the complaint is under consideration by the magistrate judge.

Respectfully submitted, this 5th day of December, 2025.

                        W. ELLIS BOYLE
                        United States Attorney

        By:  /s/ Jaren E. Kelly
              JAREN E. KELLY
              Assistant United States Attorney
              Criminal Division
              150 Fayetteville Street, Suite 2100
              Raleigh, NC 27601
              Telephone: (919) 856-4092
              Email: Jaren.Kelly@usdoj.gov
              N.C. Bar # 51627

              /s/ Charity L. Wilson
              CHARITY L. WILSON
              Assistant United States Attorney
              Criminal Division
              150 Fayetteville Street, Suite 2100
              Raleigh, NC 27601
              Telephone: (919) 856-4530
              Email: Charity.Wilson@usdoj.gov
              N.C. Bar # 31584

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Response has this, the 5th day of December 2025, been served upon the below party electronically using the CM/ECF system or by placing a copy of the same in the U.S. Mail, addressed as follows:

Johnathan Lamonte Florence
#23510-057
Franklin County Jail
285 T Kemp Road
Louisburg, N.C. 27549
*pro se*

Robert Johnson Parrott, Jr.
Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, N.C. 27601
robert_parrott@fd.org

Rosemary Godwin
Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, N.C. 27601
rosemary_godwin@fd.org

BY: /s/ *Jaren E. Kelly*
JAREN E. KELLY
Assistant United States Attorney
Criminal Division
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4092
Email: Jaren.Kelly@usdoj.gov
N.C. Bar # 51627

BY: /s/ Charity L. Wilson
CHARITY L. WILSON
Assistant United States Attorney
Criminal Division
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601

8

Telephone: (919) 856-4530
Email: Charity.Wilson@usdoj.gov
N.C. Bar # 31584

9