IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CR-62-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOHNATHAN LAMONTE FLORENCE, | ) | |
| | ) | |
| Defendant. | ) | |

On November 14, 2025, Johnathan Lamonte Florence ("Florence" or "defendant") moved pro se to dismiss the indictment alleging a violation of the Speedy Trial Act. See [D.E. 51]. On December 5, 2025, the United States responded and stated that it "believes that there has been a speedy trial violation." [D.E. 62] 5. The United States then argued that the court should dismiss without prejudice the indictment after considering the relevant factors under the Speedy Trial Act. See id. at 5–6. Under Local Criminal Rule 47.1, once the United States filed its response, defendant's motion to dismiss was ripe for review. See Loc. Crim. R. 47.1, E.D.N.C.

If a court decides to dismiss an indictment under the Speedy Trial Act, the court then must determine whether to dismiss the indictment with or without prejudice. "Congress did not intend any particular type of dismissal to serve as the presumptive remedy for a Speedy Trial Act violation." United States v. Taylor, 487 U.S. 326, 334 (1988). Rather, "the decision to dismiss with or without prejudice [is] left to the guided discretion of the district court." Id. at 335; see United States v. Jones, 887 F.2d 492, 494–98 (4th Cir. 1989)

"In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the

administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2). The court must make factual findings or consider evidence in the record as to the relevant statutory factors. See Taylor, 487 U.S. at 343–44.

The court has considered the record and governing law. As for the seriousness of the offenses, the offenses are very serious. Florence allegedly committed a bank robbery after escaping from a federal residential reentry center, where he was serving a federal sentence for violating the conditions of his federal supervised release arising from a felon-in-possession of a firearm conviction. See [D.E. 2] 1–2; [D.E. 14] 8. Where the crimes charged are "very serious," "the sanction of dismissal with prejudice should ordinarily be imposed only for serious delay." Jones, 887 F.2d at 495. Here, the crimes charged are very serious, and there was no such serious delay. See id. Thus, this factor supports dismissal without prejudice.

As for the facts and circumstances leading to the violation of the Speedy Trial Act, the violation was due to the government's negligence and its sincere desire that Florence have sufficient time to prepare for trial with the assistance of his standby counsel. Thus, this factor supports dismissal without prejudice.

As for the impact of a reprosecution on the administration of the Speedy Trial Act and the administration of justice, the court finds that the government did not delay the trial date for a tactical advantage and the delay did not prejudice defendant. See id. Moreover, in light of how the Speedy Trial Act violation occurred, the need for the United States to have an opportunity to vindicate the rights of the crime victims in the alleged bank robbery, and the need for the administration of justice to permit an opportunity for a jury to decide whether Florence committed the two serious crimes in the indictment, this factor supports dismissal without prejudice.

Finally, the court notes that Florence has an abysmal and violent criminal history,

including convictions for felony forgery, common law forgery (two counts), felony larceny (six counts), felony larceny of a motor vehicle, assault on a government official, felony uttering a forged document, felony forgery of endorsement, felony breaking and entering (three counts), felony larceny after breaking and entering (three counts), felony escape from state prison, felony possession of a stolen vehicle, felony breaking or entering a motor vehicle (two counts), felony robbery with a dangerous weapon, and felony assault with a dangerous weapon inflicting serious injury. See [D.E. 14] 3–7. The three factors in 18 U.S.C. § 3162(a)(2) are not exclusive, and the court has considered Florence's extensive criminal history in deciding whether to dismiss without prejudice. Florence's abysmal criminal history supports dismissal without prejudice.

All relevant factors support dismissal without prejudice. Thus, the court dismisses without prejudice the indictment.

The United States may promptly submit a criminal complaint to a magistrate judge and also seek another indictment from the grand jury. If the grand jury indicts defendant on the same two charges, the court will promptly arraign Florence and set the case for trial. The court is prepared to have the trial in January 2026.

In sum, the court GRANTS defendant's motion to dismiss [D.E. 51] and DISMISSES WITHOUT PREJUDICE the indictment. The pretrial conference and trial scheduled in December 2025 are CANCELLED.

SO ORDERED. This 8 day of December, 2025.

JAMES C. DEVER III
United States District Judge